```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

James E. Gehrke

    v.                                     Civil No. 16-cv-484-LM
                                              Opinion No. 2017 DNH 075

Specialized Loan Servicing, LLC

**O R D E R**

    James Gehrke, proceeding pro se, brings suit against Specialized Loan Servicing, LLC ("Specialized Loan"), alleging claims arising out of Specialized Loan's efforts to foreclose on his home.  Gehrke originally filed his lawsuit in superior court and Specialized Loan removed it to this court.  Specialized Loan moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Gehrke objects.

**Standard of Review**

    Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Because Gehrke is proceeding pro se, the court is obliged to construe his complaint liberally. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). However, "pro se status does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

**Background**[1]

On October 10, 2006, Gehrke executed a promissory note in favor of Countrywide Home Loans, Inc. ("Countrywide"), in exchange for a loan of $180,000. That same day, Gehrke and

---

[1] The facts are drawn from Gehrke's complaint (doc. no. 1-2), the exhibits attached to the complaint, see Fed. R. Civ. P. 10(c); see also Trans-Spec Truck Serv. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and filings in Gehrke's bankruptcy proceeding, which were included with defendant's motion to dismiss, see Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (noting that a court may consider official public records and documents sufficiently referred to in the complaint on a motion to dismiss without converting the motion to one for summary judgment).

2

Phyllis Buco granted a mortgage on their home to Countrywide to secure Gehrke's loan, with Mortgage Electronic Registrations Systems, Inc. ("MERS") as the mortgagee in its capacity as nominee for Countrywide. On June 29, 2011, MERS assigned the mortgage to Bank of New York Mellon ("Bank of New York").

On April 14, 2014, Gehrke instituted a voluntary Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of New Hampshire. See In re James E. Gehrke, Bk. No. 14-10746-JMD (Bankr. D.N.H. 2014). Gehrke listed his home as the only real property in which he held an interest on his Bankruptcy Schedule A. See doc. no. 6-3. Gehrke identified Specialized Loan as his only secured creditor, stating that Specialized Loan held a "First Mortgage" on his home that originated in "10/2006." Id.

On June 24, 2014, Bank of New York filed a "motion for relief from automatic stay." See doc. no. 6-4. In the motion, Bank of New York stated that it held Gehrke and Buco's mortgage, and that the mortgage was "modified by a Loan Modification Agreement on August 27, 2009." Id. at 3. The motion further stated:

> Movant desires relief from the automatic stay under 11 U.S.C. §362(d), as the Respondent has failed to make the Pre-Petition payments for September 20010 [sic] through September 2011 at the rate of $1,674.74 per month and October 1, 2011 through September 20012 [sic] at the rate of $1,601.26 per month, and October

>     2012 through September 2013 at the rate of $1,607.50
>     per month and October 2013 through April 1, 2014 at
>     the rate of $1,667.68 per month for a pre-petition
>     mortgage arrearage of $71,950.50 plus reasonable
>     attorney's fees of $550.00 for filing this motion and
>     court costs of $176.00.  That the Respondent is in
>     default under the terms, conditions, and covenants of
>     the mortgage and the total Pre-petition arrears are
>     $72,676.50.

Id. at 3-4.  Gehrke did not object to the motion.  See doc. no. 6-5 at 4.  On July 16, 2014, the bankruptcy court granted Bank of New York's motion.  See doc. no. 1-2 at 8.

Gehrke brought this action in superior court on November 11, 2016.  In his complaint, Gehrke states: "November 2010 I tried to get a mortgage modification. They refused me, then I found a mortgage modification agreement that I have never signed, dated August 27th, 2009, and says I signed allegedly September 24th 2009."  Doc. no. 1-2 at 1.  Gehrke alleges that "the foreclosure sale of my home is based on a forged document," which he explains is the loan modification agreement.  Id. at 2. He further alleges that "the mortgage is full of fraudulent papers" and states that he wants "to find out who owns the mortgage and to work out a resolution to make payments." Id. Gehrke also includes with his complaint a copy of the signature page of his loan modification agreement, with handwritten

remarks stating "forged notorization [sic] paper" and an arrow pointing to the Notary's signature.[2]  Id. at 5.

## Discussion

Specialized Loan moves to dismiss the complaint, arguing that it fails to state a plausible claim for relief.  Gehrke objects, stating simply that "we would like a modification to stay in our home."  Doc. no. 7 at 1.  He includes with his objection a handwritten letter, in which he states that he entered into a 30-year mortgage agreement with a company called Ideal Mortgage for a $100,000 loan, but that Ideal Mortgage then instituted foreclosure proceedings after six months.  See doc. no. 7 at 4.

Gehrke also includes with his objection a notice from Bank of America Home Loans Servicing, LP's ("Bank of America") Home Retention Division.  See id. at 5.  The notice is dated August 27, 2009, and informs Gehrke that his loan modification has been approved and that he must sign the enclosed modification agreement in the presence of a Notary.[3]  See id. at 5 & 6.

---

[2] Gehrke alleges that his signature is forged.  Gehrke's handwritten remarks on the modification agreement's signature page, however, appear to suggest that it is the Notary's signature that is forged.

[3] Although not clear from Gehrke's complaint, it appears that Bank of America was the servicer of Gehrke's mortgage in August 2009, and that Specialized Loan became the servicer on the mortgage sometime after that date.

5

Gehrke's objection to Specialized Loan's motion to dismiss addresses actions taken by an entity, Ideal Mortgage, not referred to in Gehrke's complaint and based on a mortgage and loan which is also not referenced in his complaint. Thus, the nature of Gehrke's claims in this action are unclear. Gehrke appears to claim that someone forged his name on the August 2009 loan modification agreement, and that Specialized Loan is attempting to enforce the terms of that agreement based on Gehrke's failure to make his monthly payments. While the nature of the claim against Specialized Loan is not entirely clear, the nature of the relief Gehrke seeks is clear: Gehrke seeks a loan modification agreement that will allow him to remain in his home.[4]

Gehrke makes no attempt to explain why Specialized Loan or any other entity would forge his signature on the August 2009 loan modification agreement. That allegation is particularly implausible in light of Gehrke's submissions in this case and filings in his bankruptcy case, which show that: Gehrke applied for a loan modification in 2009; he was in default of his obligations under the original note and mortgage prior to August 2009 because he failed to make his monthly payments; and that he

---

[4] The court notes that Specialized Loan appears to be the servicer of the mortgage, and Bank of New York, which is not named in the complaint, holds the mortgage.

6

failed to make any monthly mortgage payments for at least several years after August 2009.

Moreover, even if Gehrke could show that his name was forged on the August 2009 modification agreement, he would not be entitled to the relief that he seeks in this case.  Gehrke was in default of his obligations under the original mortgage agreement which, by its terms, entitles the mortgagee as nominee for the lender to invoke the power of sale upon Gehrke's default.  Thus, even if Gehrke could show that his signature was forged on the modification agreement, the relief for that claim would not include forcing Specialized Loan to offer him a loan modification agreement or allowing him to remain in his home.

In sum, Gehrke has failed to allege a plausible claim in his complaint.  Therefore, the court grants defendant's motion to dismiss without prejudice to Gehrke's ability to file an amended complaint that states a viable claim against defendant.


**Conclusion**

For the foregoing reasons, defendant's motion to dismiss (doc. no. 6) is granted without prejudice to Gehrke's ability to file an amended complaint setting forth facts sufficient to state plausible claims against defendant.  See, e.g., [Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004)](). Gehrke has until **May 12, 2017**, to file and properly serve an amended

complaint. Failure to file and properly serve an amended complaint within this time frame will result in the dismissal of Gehrke's claims against defendant with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 14, 2017

cc: James E. Gehrke, pro se
 Jack S. McNicholas, Esq.